IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| SHERLENE STEVENS, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 23-cv-01265-LKG |
| ) | |
| v. ) | February 28, 2024 |
| ) | |
| BALTIMORE HUD FIELD OFFICE, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

**I.      INTRODUCTION**

In this civil action, Plaintiff *pro se*, Sherlene Stevens, asserts breach of contract and defamation claims against Defendant, the Baltimore Field Office of the United States Department of Housing and Urban Development ("HUD"), related to a decision to terminate her participation in the Housing Choice Voucher Program ("HCVP"). *See generally* ECF No. 5. The Defendant has moved to dismiss this matter pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). ECF No. 12. The motion is fully briefed. ECF Nos. 12, 14, 16. No hearing is necessary to resolve this motion. L.R. 105.6. For the reasons that follow, the Court: (1) **GRANTS** the Defendant's motion and (2) **DISMISSES** the complaint.

**II.     FACTUAL AND PROCEDURAL BACKGROUND**[1]

   **A.     Factual Background**

Plaintiff is proceeding in this matter without the assistance of counsel, and her complaint is somewhat difficult to follow. *See generally* ECF No. 5. But, generally, it appears that Plaintiff brings this action to challenge a February 2021 decision to terminate her participation in the Housing Choice Voucher Program ("HCVP"). *Id.*

---

[1] The facts recited in this memorandum opinion are taken from the complaint, the Defendant's motion to dismiss, and the memorandum in support of the Defendant's motion to dismiss. ECF Nos. 5, 12, 12-1.

In the complaint, Plaintiff asserts two causes of action against the Defendant: (1) Breach of Contract and (2) Defamation. *Id*. at 6; 8 ¶¶ 19, 20. As relief, Plaintiff seeks to recover monetary damages and to obtain mortgage assistance from the Defendant. *Id*. at 8-9 ¶¶ 22-29.

Plaintiff is a resident of Maryland. ECF No. 5 at 1.

Defendant, the Baltimore Field Office of the United States Department of Housing and Urban Development, is a regional office of HUD that is managed by a Field Office Director, who reports to the Regional Administrator. *See HUD's Local Office Directory*, U. S. DEP'T. OF HOUS. AND URB. DEV., https://www.hud.gov/local (last visited February 29, 2024).

The Housing Choice Voucher Program

As background, the United States Housing Act of 1937 authorizes HUD to make loans to local public housing authorities ("LPHAs") to help finance the operation of low-income housing projects and programs. 42 U.S.C. § 1437b(a); 24 C.F.R. § 982.1. LPHAs have the primary responsibility of administering these projects and programs. 42 U.S.C. § 1437(a)(1)(C) (stating that the policy of the United States is to "vest in public housing agencies . . . the maximum amount of responsibility and flexibility in program administration[.]").

The HCVP, formerly known as "Section 8," is a HUD-funded low-income housing program that enables LPHAs to help eligible families afford housing. *See* 24 C.F.R. § 982.1(a)(1). HUD provides funding to LPHAs for the HCVP, pursuant to a standard contract known as the Annual Contributions Contract ("ACC"). 24 C.F.R. § 982.151.

In administering the HCVP, LPHAs make eligibility determinations, approve housing units, enter into housing assistance payments contracts with landlords, decide whether to terminate assistance, and conduct hearings at the request of participants who challenge its decisions. *See, e.g.,* 24 C.F.R. §§ 982.201, 982.302, 982.305, 982.308, 982.311, 982.451, 982.554 and 982.555. Given this, HUD's role in implementing the HCVP is limited to four primary responsibilities: (1) developing policy, regulations and guidance; (2) allocating housing assistance funds to the LPHAs; (3) providing technical assistance and training to the LPHAs; and (4) monitoring LPHA compliance with program requirements and performance goals. *See Housing Choice Voucher Program Guidebook*, U. S. DEP'T. OF HOUS. AND URB. DEV, https://www.hud.gov/sites/documents/DOC_35611.pdf (last visited February 29, 2024). And so, HUD neither awards, nor terminates, housing assistance payments. 24 C.F.R. §§ 982.201

and 982.552.

When a family applies to the HCVP, the LPHA determines the family's eligibility. 24 C.F.R. § 982.201. If a family is accepted into the HCVP, then the family selects a housing unit for the LPHA's approval. 24 C.F.R. § 982.302. Once the housing unit is approved, the family enters into a lease with the landlord for that housing unit, and the landlord and the LPHA enter into a housing assistance payments contract for the term of the lease. 24 C.F.R. §§ 982.302, 982.305, 982.308(b)(I), 982.311 and 982.451. If necessary, the LPHA determines whether to terminate housing assistance payments. 24 C.F.R. § 982.552.

Plaintiff's Claims

In the complaint, Plaintiff alleges that she participated in the HCVP while living in Delaware, Georgia, and Washington, D.C. ECF No. 5 at 6 ¶¶ 7, 13. Plaintiff also alleges that her rental subsidy under the HCVP was later transferred to the City of Annapolis, Maryland in July 2017, where the program is supervised by the Housing Authority of the City of Annapolis ("HACA").[2]  *Id*. at 6, ¶¶ 6-7.

Plaintiff alleges that when her rental subsidy was reassigned to HACA, HACA required that she exchange her 3-bedroom unit located in Washington, D.C. for a one-bedroom unit located in Maryland. *Id*. at 7, ¶ 16. Plaintiff also alleges that, on February 18, 2021, HACA denied her request for a transfer of her housing benefits, because she was "not current in all rental payments" to her landlord. ECF No. 5-4. And so, Plaintiff challenges the HACA required exchange, the HACA termination decision, and the Baltimore HUD Field Office's alleged "recent action" of refusing to allow "any of Maryland's housing authority offices' to consider her application for housing benefits." ECF No. 5 at 8 ¶ 19.

As relief, Plaintiff seeks to recover "reimbursement of relocating and housing expenses from January 29, 2020 to present[;]" "expenses incurred during relocation from Georgia to Maryland;" housing expenses for her and her children (estimated to total $175,000); public housing benefits of $1,570 per month; and, mortgage assistance for her and her children. *Id*. at

---

[2] Plaintiff alleges that the "Baltimore HUD Field Office . . . oversees the Annapolis housing authority" and all HCVP in "housing-authority jurisdictions" in Maryland. ECF No. 5 at 6 ¶ 8. In addition, Plaintiff alleges that, since October 2019, HACA has expressed "publicly" that she owed "an outstanding rent balance . . . as the reason for her eviction. *Id*. at 8 ¶ 20.

3

8-9 ¶¶ 22-29.

### B. Procedural Background

Plaintiff originally filed this matter before the Circuit Court of Queen Anne's County, Maryland. ECF No. 1. On May 12, 2023, Defendant removed the case to this Court. *Id*.

On July 11, 2023, Defendant filed a motion to dismiss, and a memorandum in support thereof, pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). ECF Nos. 12, 12-1. On August 4, 2023, Plaintiff filed a response in opposition to the Defendant's motion. ECF No. 14. On August 23, 2023, Defendant filed a reply brief. ECF No. 16.

The Defendant's motion to dismiss having been fully briefed, the Court resolves the pending motion.

## III. LEGAL STANDARDS

### A. Jurisdiction And Rule 12(b)(1)

A motion to dismiss for lack of subject-matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1), is a challenge to the Court's "competence or authority to hear the case." *Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005). The United States Supreme Court has explained that subject-matter jurisdiction is a "threshold matter" that is "inflexible and without exception." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1995) (quoting *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884)). And so, an objection that the Court lacks subject-matter jurisdiction "may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006).

The United States Court of Appeals for the Fourth Circuit has also explained that the plaintiff bears the burden of establishing that subject-matter jurisdiction exists. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (citing *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)). Given this, the Court "regard[s] the pleadings as mere evidence on the issue[] and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment," when deciding a motion to dismiss pursuant to Rule 12(b)(1). *Id.* (citation omitted). And so, if a plaintiff "fails to allege

4

facts upon which the court may base jurisdiction," then the Court should grant a motion to dismiss for lack of subject-matter jurisdiction. *Davis*, 367 F. Supp. 2d at 799.

### B. *Pro Se* Litigants

Plaintiff is proceeding in this matter without the assistance of counsel. And so, the Court must construe the complaint liberally. *See Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980). But, in doing so, the Court cannot disregard a clear failure to allege facts setting forth a cognizable claim. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012); *see also Bell v. Bank of Am., N.A.*, No. 13-0478, 2013 WL 6528966, at *1 (D. Md. Dec. 11, 2013) ("Although a *pro se* plaintiff is general[ly] given more leeway than a party represented by counsel . . . a district court is not obliged to ferret through a [c]omplaint . . . that is so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised.") (quotations omitted). And so, if plaintiff fails to allege sufficient facts setting forth a cognizable claim, the Court must dismiss the complaint.

### C. Standing

Article III of the Constitution limits the jurisdiction of federal courts to "cases" and "controversies," the "core component of [which is] standing." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). To establish standing, a Plaintiff must show: (1) that she suffered an "injury in fact"– or an "invasion of a legally protected interest" which is "concrete and particularized," and "actual or imminent, not conjectural or hypothetical;" (2) a "causal connection between the injury and the conduct complained of," as the "the injury has to be "fairly trace[able] to the challenged action of the defendant" and not the result of "independent action of some third party not before the court[;]" and (3) that it is "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision." *Id*. at 560-61 (internal citations omitted). At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice to establish standing, because in resolving a motion to dismiss, the Court "presum[es] that general allegations embrace those specific facts that are necessary to support the claim." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 889, 110 S.Ct. 3177, 3189, 111 L.Ed.2d 695 (1990). As the party invoking federal jurisdiction, the plaintiff has the burden of establishing standing. *Defenders of Wildlife,* 504 U.S. at 561. A failure to establish any one of the elements of standing deprives the Court

5

of jurisdiction and requires dismissal of the claim. *See id.* (explaining that the elements of standing are not "mere pleading requirements but rather an indispensable part of the plaintiff's case[.]")

### IV. ANALYSIS

The Defendant has moved to dismiss this matter, pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6), upon the grounds that: (1) Plaintiff lacks standing to pursue her breach of contract and defamation claims against HUD; (2) the Court does not possess subject-matter jurisdiction to consider those claims; and (3) Plaintiff fails to state plausible breach of contract and defamation claims in the complaint. *See generally* ECF No. 12-1. Specifically, the Defendant argues that Plaintiff lacks standing to bring this action, because she has not alleged facts in the complaint to show either that her termination from HCVP and related injuries are traceable to HUD, or that her injuries are the result of actions by HUD. ECF No. 12-1 at 6-9. In addition, the Defendant argues that Plaintiff has not met her burden to show that the Court possesses subject-matter jurisdiction to consider her claims, because she fails to establish a waiver of sovereign immunity to allow for such claims against HUD. *Id*. at 9-11. Lastly, the Defendant argues that the complaint should be dismissed for failure to state a claim, because the complaint "contains no concrete factual averment of wrongdoing on the part of HUD." *Id*. at 12. And so, the Defendant requests that the Court dismiss this matter. *Id*.

Plaintiff does not substantively address the Defendant's arguments in support of the dismissal of this matter in her response in opposition to the Defendant's motion. *See generally* ECF No. 14. But Plaintiff generally argues that the Court should not dismiss the complaint. ECF No. 14 at 10.

For the reasons that follow, a careful reading of the complaint shows that Plaintiff lacks standing to pursue her breach of contract and defamation claims against HUD, because she fails to show that her alleged injuries are either traceable to, or redressable by, HUD. Plaintiff also has not met her burden to show that the Court possesses subject-matter jurisdiction to consider her claims. And so, the Court: (1) **GRANTS** the Defendant's motion and (2) **DISMISSES** the complaint.

### A. Plaintiff Lacks Standing To Pursue Her Claims

As an initial matter, the Defendant persuasively argues that the Court should dismiss this matter, because Plaintiff lacks standing to pursue her breach of contract and defamation claims in this action. To have standing, Plaintiff must establish an injury-in-fact, causation, and redressability. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (internal citations omitted).

Relevant here, the causation element of standing is satisfied when a plaintiff can show a "causal connection between the injury and the conduct complained of," as the "the injury has to be 'fairly trace[able] to the challenged action of the defendant' and not the result of 'independent action of some third party not before the court.'" *Id*. (internal citations omitted). In addition, Plaintiff can establish the redressability element of standing by showing show that it is "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision." *Id*. at 561. In this regard, the Fourth Circuit has held that a redressable injury "result[s] from the actions of the [defendant], not from the actions of a third party beyond the Court's control." *Doe v. Va. Dep't of State Police*, 713 F.3d 745, 755 (4th Cir. 2013). For the reasons discussed below, Plaintiff has not shown that she has standing to pursue her claims against the Defendant.

First, Plaintiff has not alleged sufficient facts in the complaint to establish that any injuries she has suffered are traceable to Defendant. In the complaint, Plaintiff alleges that her injuries in this case—the alleged termination of her benefits and defamation—are the result of decisions HUD made in response to her requests with regards to her housing assistance benefits under the HCVP. *See* ECF No. 5 at 6 ¶ 8; 7 ¶¶ 15-16; 8 ¶¶ 19-20. But the complaint is devoid of any facts to show that HUD made any individualized determinations about Plaintiff's housing benefits. *See generally* ECF No. 5; ECF No. 5-4. In fact, Plaintiff acknowledges in the complaint that HACA, which is a local public housing authority, "supervised" her housing benefits. ECF No. 5 at 6 ¶ 7.

Given this, the allegations in the complaint make clear that Plaintiff cannot establish that her alleged injuries are traceable to HUD. And so, Plaintiff has not shown that her injury is traceable to Defendant to establish standing.

Plaintiff similarly fails to allege facts in the complaint to show that her injuries are redressable by HUD. Plaintiff can satisfy the redressability element of standing by showing

show that it is "likely," as opposed to merely "speculative," that her injury will be "redressed by a favorable decision." *Lujan*, 504 U.S. at 561. But the Fourth Circuit has made clear that a redressable injury "result[s] from the actions of the [defendant], not from the actions of a third party beyond the Court's control." *Doe*, 713 F.3d at 755.

In this case, the complaint makes clear that HACA, rather than HUD, administers the HCVP and that HACA made the decisions related to Plaintiff's housing benefits. *See* ECF No. 5 at 6 ¶ 7; ECF No. 5-4. While Plaintiff alleges the Baltimore HUD Field office "oversees the Annapolis housing authority," the parties do not dispute that HUD and HACA are separate entities. *See* ECF No. 5 at 6 ¶ 8; ECF No. 12-1 at 2-3. There is also no dispute that HUD's only involvement with the HCVP is to provide funding for this program. *See* ECF No. 12-1 at 2-3.

Given these undisputed facts, Plaintiff's alleged injuries in this action could not have resulted from HUD's actions. As a result, any relief that the Court could grant in this case would not redress the alleged injuries suffered by Plaintiff. And so, Plaintiff also cannot show that it is likely that her injury will be redressed by a favorable decision of the Court to establish standing.

Because Plaintiff fails to allege facts to show that her alleged injuries are either traceable to, or redressable by, HUD, she lacks standing to pursue her claims against the Defendant. And so, the Court must DISMISS the Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(1).

### B. The Court Does Not Possess Jurisdiction To Consider Plaintiff's Claims

Even if Plaintiff could establish standing to pursue her claims, she also fails to show that the Court possesses subject-matter jurisdiction to consider her breach of contract and defamation claims against HUD.

As the Defendant correctly observes, the doctrine of sovereign immunity removes subject-matter jurisdiction from the Court for suits against the United States, unless the United States has clearly, expressly, and unambiguously consented to suit. *United States v. Mitchell*, 463 U.S. 206, 212 (1983); *United States v. Sherwood*, 312 U.S. 584, 586 (1941); *Lane v. Pena*, 518 U.S. 187, 192 (1996). Given this, the Court has held that: (1) any waiver of sovereign immunity must be "'unequivocally expressed in statutory text,'" and (2) "absent a statutory waiver of . . .sovereign immunity," the Court lacks subject matter jurisdiction to hear [a] matter and must dismiss [the] case. *Potomac Constr. Co., Inc. v. Washington Metro. Area Tr. Auth.*, 2021 WL 1516058, at *13 (D. Md. Apr. 16, 2021).

Here, Plaintiff neither identifies a waiver of the Government's sovereign immunity that would allow her to bring her claims against HUD, nor shows that her claims are appropriate for review under the Administrative Procedure Act's ("APA") limited waiver of sovereign immunity. *See generally* ECF No. 5. Notably, there is no waiver of sovereign immunity for the claims asserted in this action under either 42 U.S.C. § 1437(f), or 24 C.F.R. § 982, which govern the HCVP. *See* 42 U.S.C. § 1437(f); 24 C.F.R. § 982.

Plaintiff also has not established jurisdiction under the APA, because the complaint lacks factual allegations to show that HUD was involved in any of the decisions related to the termination of her housing benefits. *See* ECF No. 5 at 7 ¶ 16. Given this, there is no action, or decision on the part of HUD alleged in the complaint for the Court to review under the APA's limited waiver of sovereign immunity.

Because Plaintiff has neither established that the Government has waived its sovereign immunity from suit for the claims alleged in this matter, nor that her claims may be brought pursuant to the APA, Plaintiff has not met her burden to show that the Court possesses subject-matter jurisdiction to consider her claims. And so, the Court also DISMISSES the complaint for these reasons, pursuant to Federal Rule of Civil Procedure 12(b)(1).[3]

## IV.  CONCLUSION

In sum, a careful reading of the complaint shows that Plaintiff lacks standing to pursue her breach of contract and defamation claims against HUD, because she fails to show that her alleged injuries are either traceable to or redressable by HUD. Plaintiff also has not met her burden to show that the Court possesses subject-matter jurisdiction to consider her claims. And so, the Court:

---

[3] Because the Court determines that Plaintiff lacks standing to pursue her claims, and that the Court does not possess subject-matter jurisdiction to consider Plaintiff's claims, the Court does not reach the issue of whether Plaintiff fails to state plausible claims for relief in the complaint.

1. **GRANTS** the Defendant's motion to dismiss; and

2. **DISMISSES** the complaint.

A separate Order shall issue.

s/Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge